UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.A. MORTENSON COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. C21-1407RSM<br><br>ORDER TRANSFERRING VENUE |

This matter comes before the Court on Defendant Zurich American Insurance Company ("Zurich")'s Motion to transfer this action to the Southern District of New York pursuant to the first-to-file doctrine and 28 U.S.C. § 1404(a). Dkt. #5. The instant case was filed in King County Superior Court on October 14, 2021, and removed the same day. Dkt. #1-1. Zurich contends this case should be transferred so it can be considered along with *Polcom USA, LLC v. Affiliated FM Insurance Company*, Case No. 1:20-cv-09206-NRB (the "New York Lawsuit"), filed a year earlier on November 4, 2020. Both cases deal with "whether and to what extent Zurich and another insurer are obligated to pay for claims for water damage to prefabricated modular hotel rooms caused by rainwater intrusion." Dkt. #5 at 6. The plaintiff in the New

ORDER TRANSFERRING VENUE - 1

York Lawsuit, Polcom, contracted with the Plaintiff here, M.A. Mortenson Company ("Mortenson"), to manufacture and ship 228 pods for a hotel project. Water damage allegedly occurred at the Port of Everett as they were being shipped to the Seattle job site. *See id.* at 7. The plaintiffs seek insurance coverage from Zurich and Affiliated FM Insurance Company ("FM Global"), Defendants.

Under the "first to file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). "The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citation omitted). The Ninth Circuit Court of Appeals has noted that, although no precise rule has evolved, "the general principle is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (internal quotations and citations omitted).

The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Alltrade*, 946 F.2d at 627-28. Thus, a court "can, in the exercise of [its] discretion, dispense with the first-filed principle for reasons of equity." *See Alltrade*, 946 F.2d at 628. More specifically, "[t]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Id.* (internal citations omitted).

ORDER TRANSFERRING VENUE - 2

In *Alltrade*, the Ninth Circuit Court of Appeals set forth three prerequisites for application of the first to file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *See* 946 F.2d at 625.

Zurich addresses these factors:

> Here, all three factors favor transfer to the Southern District of New York. First, Polcom filed the New York Lawsuit nearly one year before Mortenson filed the complaint in this action. After Judge Buchwald's ruling denying most of FM Global's Rule 12(b)(6) motion, there is no reason to believe that it will be dismissed on non-substantive grounds. Second, the parties in the cases are overlapping. Zurich is a defendant in both this action and the New York Lawsuit. The plaintiffs in the two suits are different but their interests overlap; Polcom and Mortenson are suing Zurich for overlapping damages, and Zurich will likely seek a declaration against both regarding whether any further payments are required of Zurich, and if they are, to which plaintiff. Transferring this case to the Southern District of New York will likely result in the judge in the New York Lawsuit having all parties before her so that complete relief to all parties can be provided.
>
> The first-to-file rule does not require "exact identity" of the parties, but only "substantial similarity" of the parties….
>
> This case and the New York Lawsuit unquestionably arise out of the same nucleus of operative facts -- how much water damage to the pods occurred at the Port of Everett and how much occurred at the jobsite. Both cases will require that the respective courts interpret the same clauses in the Zurich Policy, and to determine whether the water damage occurring at the Port is covered by the Zurich Policy, the FM Policy, both, or neither.

Dkt. #5 at 11–12.

Plaintiff Mortenson argues that the Zurich is seeking transfer "to slow the pace of litigation and delay, for as long as possible, resolution of Mortenson's claims." Dkt. #17 at 6. Mortenson primarily leans on the 28 U.S.C. § 1404 factors, detailed below, to justify keeping this case here. *Id*. at 13–18. Mortenson also argues the instant action was first filed because it "commenced this lawsuit suit [sic] on September 15, 2021, by service on the Washington State

ORDER TRANSFERRING VENUE - 3

Insurance Commissioner and personally on Zurich at its Schaumburg, Illinois headquarters" and because "Zurich was not a defendant in the New York action until Polcom filed its amended complaint on September 16, 2021—the day after Mortenson commenced this litigation." *Id*. at 10.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

ORDER TRANSFERRING VENUE - 4

Based on the record before it, the Court is convinced that this case is properly transferred under the first-to-file rule. The New York Lawsuit was filed first. Zurich was added as a Defendant in that action before this case was filed, in any event it had always been an interested party. The instant case was anticipatory. The cases involve the same incident and the same insurance contracts will be at issue. Although the Court is sympathetic to Plaintiff's concern of transfer causing further delay, the New York case is significantly further along than this one. The purpose of § 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Keeping this action here will result in a duplication of Court resources and potentially conflicting rulings. The Court has considered all of the factors above and finds that a transfer is warranted in the interest of justice.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant Zurich American Insurance Company ("Zurich")'s Motion to transfer this action, Dkt. #5, is GRANTED. This matter is hereby TRANSFERRED to the United States District Court for the Southern District of New York for all further proceedings.

DATED this 21st day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TRANSFERRING VENUE - 5